USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA LOUISE CLARY, *also known as* Linda Clary Umberger, *individually and on behalf of* The Estate of John Anthony Clary Umberger (deceased),

Plaintiff,

-against-

CHRISTIAN ADVOCATES SERVING EVANGELISM, INC., AMERICAN CENTER FOR LAW AND JUSTICE, INC., 34 EAST 61 STREET, LLC, JAY SEKULOW, and JORDAN SEKULOW,

Defendants.

1:25-cv-5386-MKV

**OPINION AND ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Linda Louise Clary ("Plaintiff"), filed a lawsuit in New York state court individually and on behalf of The Estate of John Anthony Clary Umberger (the "Estate") against Defendants Christian Advocates Serving Evangelism, Inc., American Center for Law and Justice, Inc., 34 East 61 Street, LLC, Jay Sekulow, and Jordan Sekulow (collectively, "Defendants"). [ECF No. 1-1]. Defendants removed, invoking this Court's diversity jurisdiction. [ECF No. 1]. Plaintiff filed an amended complaint in this Court, likewise invoking diversity jurisdiction. [ECF No. 14]. Defendants thereafter moved to dismiss and to strike allegations from the amended complaint. [ECF No. 17]. Plaintiff opposed, [ECF No. 18], and Defendants filed a reply, [ECF No. 23].

For the reasons stated herein, Defendants' motion to dismiss and to strike allegations is DENIED without prejudice as moot because the parties have failed to establish this Court's subject-matter jurisdiction.

## DISCUSSION

It is axiomatic that "subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). Although the parties appear to agree on this Court's jurisdiction, the Court has "a

duty to inquire into [its] subject matter jurisdiction sua sponte, even when the parties do not contest the issue." *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014). The Court "may not assume subject-matter jurisdiction when," as here, "the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019).

Defendants invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, which provides that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Defendants, who removed this case pursuant to 28 U.S.C. § 1441, failed to establish Plaintiff's citizenship, which is their burden as the party invoking diversity jurisdiction. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001). In their Notice of Removal, Defendants state that "Plaintiff is a citizen of the State of Georgia." Notice of Removal ¶ 5, [ECF No. 1] (citing Compl. ¶ 5, [ECF No. 1-1]). However, Plaintiff's state court Complaint alleges only that Plaintiff "is a *resident* of the State of Georgia." Compl. ¶ 5 [ECF No. 1-1] (emphasis added). Courts have long recognized that "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996). After all, "a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967). Without more than Plaintiff's allegation of residence, Defendants have not established her citizenship—and thus failed to show complete diversity of the parties.

Defendants also fail to establish the decedent's citizenship, which is necessary here, as Plaintiff brings claims on the Estate's behalf. In their Notice of Removal, Defendants state that

because Plaintiff was a duly appointed administrator of the Estate, "upon information and belief, the Deceased was also a citizen of the State of Georgia." Notice of Removal ¶ 5 [ECF No. 1].[1] Not so. Federal law provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State *as the decedent*." 28 U.S.C. § 1332(c)(2) (emphasis added); *see Thea v. Kleinhandler*, 807 F.3d 492, 498–99 (2d Cir. 2015) (distinguishing the parties' citizenship as administrators under 28 U.S.C. § 1332(c)(2) from their citizenship in their individual capacities as parties). Because Plaintiff brings this action individually and on behalf of the Estate, Defendants must establish the citizenship of Plaintiff individually, and the citizenship of the decedent. They have not. Defendants aptly note that "the Complaint does not allege the citizenship of the Deceased, merely stating he 'was a resident of the District of Columbia.'" Notice of Removal ¶ 5 [ECF No. 1] (quoting Compl. ¶ 6, [ECF No. 1-1]). Again, allegations of residency do not suffice to establish citizenship.

In sum, Defendants have not met their burden to establish the parties' diversity of citizenship, as they must to invoke this Court's jurisdiction.

Nor does Plaintiff establish subject-matter jurisdiction. Once removed to this Court, Plaintiff invoked diversity jurisdiction in her Amended Complaint, alleging that "there is a complete diversity of citizenship between the Plaintiffs and Defendants." Am. Compl. ¶ 13 [ECF No. 14]. But the Amended Complaint does not contain any allegations as to Plaintiff's or the decedent's citizenship. *See* Am. Compl. ¶ 5 [ECF No. 14] (Plaintiff "is a *resident* of the State of Georgia and was appointed Administratrix under the laws of the State of Georgia") (emphasis added); *id.* ¶ 6 ("At all times relevant herein, [the decedent] was a *resident* of the District of

[1] Courts in this District have not allowed parties to establish citizenship solely "upon information and belief." *See, e.g.*, *Mukamal v. Onexxx Prod. & Expl. Corp.*, No. 25-cv-3493, 2025 WL 1617135, at *1 (S.D.N.Y. June 6, 2025) (citing cases).

Columbia") (emphasis added). Moreover, Plaintiff's citizenship *now* is irrelevant; the parties must be diverse "when the suit is commenced." *Md. Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir. 1993); *see also Hartke on behalf of the Est. of Hartke v. Bonhams & Butterfields Auctioneers Corp.*, No. 24-258, 2024 WL 4380315, at *1 (2d Cir. Oct. 3, 2024) (summary order) (citizenship of decedent is determined "at the time of his death"). The Amended Complaint thus fails to establish diversity jurisdiction.

More still, the parties' jurisdictional allegations in this Court appear to be in tension with Plaintiff's characterization of Defendants' citizenship in her state court Complaint and in her Amended Complaint filed in this Court. *Compare* Compl. ¶ 13 [ECF No. 1-1] ("one or more of the parties resides and/or has its place of business in New York City"), *and* Am. Compl. ¶ 13 [ECF No. 14] (same), *with* Notice of Removal ¶ 12 [ECF No. 1] ("no Defendant is a citizen of the State of New York"), *and id.* ¶¶ 6–10 (describing the citizenship of Defendants in Tennessee and Virginia), *and* Am. Compl. ¶¶ 7–11 [ECF No. 14] (similar). It is possible this divergence is because, for the purposes of diversity, an LLC's citizenship is assessed based on its members' citizenship. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Even so, the lack of clarity about complete diversity of citizenship must be addressed by supplemental jurisdictional allegations.

To be sure, the Court may rely on "other parts of the record" to assure itself of subject-matter jurisdiction. *Leveraged Leasing Admin. Corp.*, 87 F.3d at 47 (quoting *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893)). The Amended Complaint alleges that the decedent's "office was in Washington, D.C." and that he worked in Washington, D.C. at the beginning of his career. Am. Compl. ¶¶ 14–15 [ECF No. 14]; *see also* Compl. ¶¶ 14–15 [ECF No. 1-1] (same). But "residence or place of employment alone are 'insufficient to establish

[citizenship] for jurisdictional purposes.'" *Lue v. JPMorgan Chase & Co.*, No. 21-892, 2022 WL 1146219, at *1 (2d Cir. Apr. 19, 2022) (summary order) (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53–54 (2d Cir. 2019)). Thus, the record as a whole does not establish complete diversity.

Importantly, the parties have properly alleged that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. Plaintiff's Complaint sought at least $23 million in compensatory damages, which Defendants relied on to invoke this Court's diversity jurisdiction. *See* Compl. ¶ 106 [ECF No. 1-1]; Notice of Removal ¶ 4 [ECF No. 1]; *see also* Am. Compl. ¶ 124 [ECF No. 14] (seeking compensatory damages of $24 million or more). Given courts' recognition of a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," the amount-in-controversy requirement is met at this stage. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

Federal law provides that parties' "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. This Court exercises its discretion to permit amendment of jurisdictional allegations here, because only "inadequate jurisdictional allegations" require remedying, rather than "defective jurisdiction itself." *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (quoting *Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3d Cir. 1980)); *see also Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 ("A failure to allege facts establishing jurisdiction need not prove fatal to a complaint" and amendments under 28 U.S.C. § 1653 "will be freely permitted where necessary to avoid dismissal on purely technical grounds").

**CONCLUSION**

For the reasons discussed herein, the parties have not established subject-matter jurisdiction. Therefore, Defendants' Motion to Dismiss and to Strike, [ECF No. 17], is DENIED without prejudice as moot. If the parties establish subject-matter jurisdiction, Defendants will be permitted to renew their motion.

It is hereby ORDERED that if Plaintiff seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff shall file an affidavit or amended complaint on or before October 13, 2026, solely to truthfully allege the citizenship of each party and the amount in controversy to establish subject-matter jurisdiction. If Plaintiff disputes this Court's subject-matter jurisdiction, Plaintiff may file a letter and/or affidavit with the Court by the same date to that effect.

It is further ORDERED that if Defendants dispute any allegation in Plaintiff's jurisdictional filing or wish to supplement Plaintiff's jurisdictional filing, Defendants shall file affidavits on or before October 20, 2026, truthfully alleging the citizenship of each party to establish subject-matter jurisdiction under 28 U.S.C. § 1332.

Should the parties fail to establish complete diversity, this action may be dismissed without further notice for lack of subject-matter jurisdiction and remanded to the Supreme Court of the State of New York, New York County.

The Clerk of Court is respectfully requested to close the motion at docket entry number seventeen.

**SO ORDERED.**

Mary Kay Vyskocil
MARY KAY VYSKOCIL
United States District Judge

**Date: September 28, 2026**
**New York, NY**